Peelle, Ch. J.,
delivered the opinion of the court:
The claimant seeks recovery for the difference between the pay of master of a first-class naval collier for the period which he commanded and that of a master of a second-class naval collier for which he was paid.
The facts briefly stated are these: October 23, 1901, the claimant entered into a contract with the Secretary of the Navy whereby, under his direction, he agreed to assume and exercise command of the naval collier Sterling at the compensation of $200 per calendar month or proportionately for any part thereof, the contract to be terminated at the will and pleasure of the Secretary.
*355 While this contract was in force, the Secretary of the Navy, for the purpose of wages, rated colliers into two classes. Those having a displacement of 5,000 tons or over were rated as first class, with pay at $250 per month (in which classification the Sterling was one), and those having a displacement of less than 5,000 tons were rated as second class, with pay at $200 per month.
Under his contract the claimant performed service as master of the Sterling from October 23, 1901, to June 30, 1902, and was paid therefor at the rate of $200 per month.
On July 1, 1902, the claimant entered into another contract with the Secretary of the Navy whereby he agreed to assume and exercise command as master of a naval collier under the direction of the Secretary of the Navy, said contract to be terminable at the will and pleasure of the Secretary, for the consideration of $250 per calendar month, or proportionately for any part thereof, if in command of a first-class collier, and $200 per month, or proportionately for any part thereof, if in command of a second-class collier (the rates of the colliers to be established by the Secretary of the Navy).
Under the latter contract the claimant performed service from July 1,1902, to August 8, 1905, for which he was paid $200 per month on the theory that the collier Sterling, which he commanded, was a second-class vessel.
The question for decision, therefore, is, Was the classification by the Secretary of the Navy of the Sterling as a first-class collier incorporated in the contract? We think it was, since there are no words of exclusion in the contract unless the words (“ the rates of the colliers to be established by the Secretary of the Navy ”) can be so construed. As the rate had been established by the Secretary of the Navy long prior to the execution of the contract those words can not be taken to indicate that the Secretary thereby intended to change the rating of the Sterling to a second-class collier, nor did he do so.
The words in parentheses were doubtless intended to apply only to colliers not named in the regulation. If the claimant had been assigned to such a vessel, then the Secretary of the Navy would have had the undoubted right to *356 establish the rating; or if the claimant had been assigned to the Pompey, rated as a second-class collier in the regulation, then he could only recover $200 per month; but here the Sterling was rated as a first-class collier in the regulation, and while not named in the contract sued on the claimant was assigned to the command thereof as master, and that done he thereby became entitled to the compensation provided for in the regulation.
As the regulation by the Secretary fixing the rates excepted therefrom contracts “ already entered into ” the rating did not apply to the contract of October, 1901. The rating fixed by the Secretary in the formal regulation formed the basis of pay for masters assigned to the command of colliers named thereunder, and such formal regulation must be accorded precedence over correspondence relating to the claimant’s pay under a prior contract, especially since the findings show that there was no change in the rating of the Sterling by the Secretary of the Navy prior to or during the existence of the contract sued on; and it may be further noted that even in the correspondence with the bureau officer it is shown, as set forth in Finding III, that the regulation would govern after January 1, 1902, though, as further stated, the regulation would not for the present apply to the Sterling while employed on the coast of the United States and in the West Indies; but clearly this language could only be made to apply to the contract under which the claimant was then operating and not to the contract sued on thereafter executed.
For the reasons given the claimant is entitled to recover judgment in the sum of $1,863.28, which is ordered accordingly.